STATE OF NORTH CAROLINA v. JEFFREY LEON OWEN

No. COA02-1224

(Filed 15 July 2003)

## 1. Rape— attempted first-degree—motion to dismiss—sufficiency of evidence—short-form indictment

The trial court did not err by denying defendant's motion to dismiss the charge of attempted first-degree rape even though defendant never removed any of his clothing or said anything to the victim about sexually assaulting her, and defendant contends the short-form indictment was fatally defective, because: (1) defendant's actions and words constitute sufficient evidence of defendant's intent to gratify his passion upon the victim, including defendant's repeated insistence that the victim remove her clothes and come toward him and his attempt to stab her with his knife; (2) the only evidence supporting an alternative motivation was defendant's statement to the police that he went in the house to commit a breaking and entering, and the surrounding circumstances do not corroborate defendant's assertion; and (3) North Carolina has consistently upheld the constitutionality of the use of the short-form indictment in rape cases.

## 2. Evidence— refusing to admit portion of defendant's statement to police—no prejudicial error

Although defendant contends the trial court erred in an attempted first-degree rape and breaking or entering case by refusing to permit a portion of defendant's statement to the police to be considered by the jury, this assignment of error is dismissed because: (1) defendant failed to meet his burden of showing that had the error in question not been committed, a different result would have been reached at trial; and (2) the excluded statement was relevant only to the crime of attempted first-degree forcible rape, and there was ample evidence of defendant's actions and intention.

STATE v. OWEN

[159 N.C. App. 204 (2003)]

Appeal by defendant from judgment entered 22 May 2002 by Judge James F. Ammons, Jr., in Cumberland County Superior Court. Heard in the Court of Appeals 10 June 2003.

*Attorney General Roy Cooper, by Assistant Attorney General Newton G. Pritchett, Jr., for the State.*

*Hosford & Hosford, P.L.L.C., by Geoffrey W. Hosford, for defendant-appellant.*

CALABRIA, Judge.

On 22 May 2002, Jeffrey Leon Owen ("defendant") was convicted of attempted first-degree forcible rape and breaking or entering. For these offenses, the court sentenced defendant to a total of 151 months to 191 months' imprisonment. Defendant appeals. We find no error and affirm the judgment of the trial court.

On 31 May 2001, Lauren Tyler ("the victim"), aged 17, was asleep on the top single bunk in the rear bedroom of her home. On the bottom double bunk, her older sister, Lucia Tyler, and their cousin, Toni Jimerson, were also sleeping. The Tyler girls' father, Richard, was asleep in the adjoining bedroom.

At approximately 8:30 a.m., the victim awoke and saw defendant standing on the side of her bed holding a knife and putting socks on his hands. The victim had known defendant for approximately five or six years. Defendant pointed the knife at her and said: "Take your fucking clothes off." The victim complied with defendant's order to remove her clothing, but she moved away from defendant by retreating to the back corner of her bed. She twice refused defendant's orders to come toward him. While she was in the corner of her bed, naked and on her knees, he approached her with his knife. When defendant leaned over her bed and stuck his knife at her, she grabbed the knife and pressed it down into the bed. In the ensuing struggle, defendant pulled her off the bed, and she sustained cuts to her right hand and right arm. The victim screamed thereby awakening her sister, cousin, and father. When they came to her aid, defendant jumped out the open bedroom window.

Detective William Britton of the Fayetteville Police Department testified that, after defendant was arrested and informed of his rights, he made the following statement, which was admitted into evidence: "I went in there to commit a B&E. That is what I do. I don't have to rape girls. I swear to God, I did not touch Lauren or rape her, nor did

I touch the other two girls. I have known Lauren and Lucia since I was about ten years old."

Defendant asserts the trial court erred by: (I) denying defendant's motion to dismiss the attempted first-degree rape charge and (II) refusing to permit a portion of defendant's statement to the police to be considered by the jury.

## I. Motion to Dismiss

[1] To review a motion to dismiss for insufficient evidence, this Court asks "whether there is substantial evidence of each essential element of the offense charged and of the defendant being the perpetrator of the offense." *State v. Crawford*, 344 N.C. 65, 73, 472 S.E.2d 920, 925 (1996). "Substantial evidence is that which a reasonable juror would consider sufficient to support the conclusion that each essential element of the crime exists." *State v. Baldwin*, 141 N.C. App. 596, 604, 540 S.E.2d 815, 821 (2000). "In reviewing a motion to dismiss, the trial court should be concerned only with the sufficiency of the evidence, and not with its weight." *State v. Oxendine*, 150 N.C. App. 670, 673, 564 S.E.2d 561, 564 (2002), *disc. rev. denied*, 356 N.C. 689, 578 S.E.2d 325 (2003). "[T]he evidence must be viewed in the light most favorable to the State, giving the State the benefit of all reasonable inferences." *State v. Payne*, 149 N.C. App. 421, 424, 561 S.E.2d 507, 509 (2002). "Review of the sufficiency of the evidence to withstand the defendant's motion to dismiss is the same whether the evidence is direct, circumstantial, or both." *Oxendine*, 150 N.C. App. at 673, 564 S.E.2d at 564.

The elements of attempted first-degree rape are as follows: "(i) that defendant had the specific intent to rape the victim and (ii) that defendant committed an act that goes beyond mere preparation, but falls short of the actual commission of the rape." *State v. Schultz*, 88 N.C. App. 197, 200, 362 S.E.2d 853, 855 (1987), *aff'd per curiam*, 322 N.C. 467, 368 S.E.2d 386 (1988). Defendant argues the State failed to prove the element of intent.

"The element of intent as to the offense of attempted rape is established if the evidence shows that [the] defendant, at any time during the incident, had an intent to gratify his passion upon the victim, notwithstanding any resistance on her part." *Id.*, 88 N.C. App. at 200, 362 S.E.2d at 855-56. "Sexual intent may be proved circumstantially by inference, based upon a defendant's actions, words, dress, or demeanor." *State v. Cooper*, 138 N.C. App. 495, 498, 530 S.E.2d 73, 75,

*aff'd per curiam*, 353 N.C. 260, 538 S.E.2d 912 (2000). An "overt act manifesting a sexual purpose or motivation on the part of the defendant is adequate evidence of an intent to commit rape." *State v. Dunston*, 90 N.C. App. 622, 625, 369 S.E.2d 636, 638 (1988); *see also Oxendine*, 150 N.C. App. at 672-75, 564 S.E.2d at 563-64. Moreover, "evidence an attack is sexually motivated will support a reasonable inference of an intent to engage in vaginal intercourse with the victim even though other inferences are also possible." *Id.*, 90 N.C. App. at 625-26, 369 S.E.2d at 638. "The State need not show that the defendant made an actual physical attempt to have intercourse or that he retained the intent to rape his victim throughout the incident." *Id.*, 90 N.C. App. at 625, 369 S.E.2d at 638.

In the case at bar, defendant's actions and words constitute sufficient evidence of defendant's "intent to gratify his passion upon the victim." *Schultz*, 88 N.C. App. at 200, 362 S.E.2d at 855. Specifically, defendant's repeated insistence that the victim remove her clothes and come toward him and his attempt to stab her with his knife are "overt act[s] manifesting a sexual purpose or motivation on the part of the defendant." *Dunston*, 90 N.C. App. at 625, 369 S.E.2d at 638. Even though defendant never removed any of his clothing or said anything to the victim about sexually assaulting her, the evidence is sufficient to satisfy the intent element of attempted rape.

However, defendant contends *State v. Brayboy*, 105 N.C. App. 370, 413 S.E.2d 590 (1992), favorably compares to this case. In *Brayboy*, the Court explained the evidence did "not support the conclusion that he intended to rape [the victim]" because

> [t]here [was] no evidence that defendant forced himself upon her in a sexual manner or indicated that it was his intent to engage in forcible, nonconsensual intercourse with her. The evidence merely show[ed] that defendant grabbed [the victim], forced her to the ground, pinned her arms behind her back and then straddled her following [the co-defendant's] shooting [of another victim]. The only evidence which could [have given] any indication that defendant might have intended to commit some sexual act upon [the victim was the co-defendant's] statement, 'Go on and do what you want to do with her.'

*Id.*, 105 N.C. App. at 374, 413 S.E.2d at 593. The Court concluded the State produced insufficient evidence of the element of intent to withstand defendant's motion to dismiss the charge of attempted rape. *Id.*

Contrary to defendant's argument, we distinguish the case at bar from *Brayboy*. In *Brayboy*, the circumstances surrounding the shooting supported the inference that defendant's motivation in restraining the victim was "to prevent her from interfering with [the shooting of another person] or aiding [him] once he had been assaulted." *Id.*, 105 N.C. App. at 376, 413 S.E.2d at 594. In contrast, the only evidence supporting an alternative motivation here is defendant's statement to the police, "I went in there to commit a B&E." The surrounding circumstances do not corroborate defendant's assertion. Although defendant contends he entered the Tyler home for the purpose of "breaking and entering," he did not remove anything from their home. The house contained televisions, VCR's, stereos, jewelry and cell phones, yet nothing was stolen. Rather, as explained previously, the circumstances and evidence support the charge of attempted first-degree rape. Accordingly, we find *Brayboy* materially different from the case at bar.

We hold the evidence that defendant forced victim to undress at knifepoint and then attempted to stab her with his knife when she refused to come toward him, considered in the light most favorable to the State, constitutes an "overt act manifesting a sexual purpose or motivation on the part of the defendant" and was sufficient to support the intent element. *Dunston*, 90 N.C. App. at 625, 369 S.E.2d at 638. Accordingly, defendant's assertion of error is overruled on this basis.

Defendant asserts, in the alternative and for preservation of the issue, that the trial court erred in refusing to dismiss the charge of attempted first-degree rape on the basis that the short-form indictment utilized was fatally defective because it failed to allege "the essential elements of attempted first-degree rape." Defendant concedes North Carolina has consistently upheld the constitutionality of the use of the short-form indictment in rape cases as prescribed by N.C. Gen. Stat. §15-144.1. *State v. Bidgood*, 144 N.C. App. 267, 550 S.E.2d 198, *cert. denied*, 354 N.C. 222, 554 S.E.2d 647 (2001); *State v. Wallace*, 351 N.C. 481, 528 S.E.2d 326 (2000), *reh'g denied*, 531 U.S. 1120, 148 L. Ed. 2d 784 (2001). Thus, we hold accordingly.

II. Defendant's Statement to Police

[2] Defendant asserts the trial court erred in excluding from evidence the following portions of his statement to police: "What is funny is that [Lauren and Lucia] told my aunt that I tried to rape them. Now they're saying that I actually raped them." Defendant contends these statements were admissible under the North Carolina Rule of

Evidence 106 and the trial court should not have excluded them as hearsay pursuant to Rule 802.

We need not address these arguments because even assuming *arguendo* defendant is correct, defendant has failed to meet his burden of showing that "had the error in question not been committed, a different result would have been reached at the trial. . . ." N.C. Gen. Stat. § 15A-1443(a) (2001). The excluded statement is relevant only to the crime of attempted first-degree forcible rape. Regarding this crime, there was ample evidence of defendant's actions and intention. Accordingly, we cannot find that if the missing portion of defendant's statement to the police had been admitted into evidence, there is a "reasonable possibility . . . a different result" would have been reached. *Id.*

Affirmed.

Judges WYNN and HUDSON concur.