THORNBURG, Judge.
 

 Defendant was indicted and tried on one count of felony possession with intent to manufacture, sell, or deliver cocaine and two counts of misdemeanor drug offense. The State's evidence tends to show that on the night of 21 August 2001, Officer Steve Coon, of the Asheville Police Department, was on routine patrol when he observed a 1980's Oldsmobile parked in front of the Oak Knoll Apartments in Asheville, North Carolina. After running a check on the vehicle's license tag, the officer discovered that the vehicle's tag was assigned to a Ford Probe. Officer Coon stopped the vehicle after it exited the apartment parking lot and pulled onto an adjacent street. Officer Coon approached the vehicle and asked the driver, Kimberly Clayton, and the passenger, defendant, for their driver's licenses. As the officer sat in his patrol car, checking the validity of the licenses, he noticed defendant rummaging in the center of the front seat of the stopped vehicle. Fearing for his safety, Officer Coon returned to the stopped vehicle and had defendant exit the vehicle. With the driver's permission, the officer searched the front seat of the vehicle. Upon searching the area of the vehicle's front seat where defendant had been moving, Officer Coon found a compact disc (CD) case containing a bag with 19 small rocks of cocaine. The driver told Officer Coon that the CD case belonged to defendant. A search of defendant's person yielded a small bag of marijuana, a razor blade and rolling papers. Another Asheville Police Officer subsequently found a small bag of marijuana in the glove compartment of the vehicle.
 

 A State Bureau of Investigation chemist testified that the rocks seized from defendant weighed a total of 1.87 grams with a street value of about $400.00, if sold individually. The chemist also testified that a razor blade is usually used to divide cocaine into doses.
 

 Clayton testified that defendant called her for a ride to his cousin's house on the night in question. However, after she picked him up, he asked her to stop at two places; first, behind the movie theater where he got out for a few minutes and at the Oak Knoll Apartments where he went into an apartment. Defendant did not present any evidence. The jury found defendant guilty and the trial court consolidated the charges for judgment, sentencing defendant to a presumptive term of 8-10 months imprisonment. Defendant appeals.
 

 Defendant's sole argument on appeal is that the trial court erred in denying his motion to dismiss the charge of possession with intent to manufacture, sell or deliver cocaine. Specifically, defendant contends there was not sufficient evidence to show that he intended to sell or deliver the cocaine found in his possession on the night of 21 August 2001. We disagree.
 

 In reviewing the denial of a defendant's motion to dismiss, this Court determines only "`whether there is substantial evidence of each essential element of the offense charged and of the defendant being the perpetrator of the offense.'"
 
 State v. Owen,
 

 159 N.C. App. 204
 
 , 206,
 
 582 S.E.2d 689
 
 , 690 (2003) (quoting
 
 State v. Crawford,
 

 344 N.C. 65
 
 , 73,
 
 472 S.E.2d 920
 
 , 925 (1996)). Substantial evidence has been defined as that amount of evidence which a reasonable juror would accept as adequate to support the conclusion that each essential element of the crime exists.
 
 State v. Lucas,
 

 353 N.C. 568
 
 , 581,
 
 548 S.E.2d 712
 
 , 721 (2001). The State must be given the benefit of every favorable inference to be drawn from the evidence.
 

 Id.
 

 Contradictions and discrepancies must be resolved in favor of the State.
 

 Id.
 

 To obtain a conviction for possession with intent to manufacture, sell or deliver cocaine, the State must "present substantial evidence that defendant (i) had either actual orconstructive possession of the cocaine and (ii) possessed the cocaine with the intent to sell."
 
 State v. Davis,
 

 160 N.C. App. 693
 
 , 696,
 
 586 S.E.2d 804
 
 , 806 (2003) (quoting
 
 State v. Alston,
 

 91 N.C. App. 707
 
 , 709-10,
 
 373 S.E.2d 306
 
 , 309 (1988)). Intent is rarely shown by direct proof, but rather must most often be inferred from the attenuating facts and circumstances.
 
 State v. Morris,
 

 156 N.C. App. 335
 
 , 340,
 
 576 S.E.2d 391
 
 , 395,
 
 cert. denied,
 

 357 N.C. 510
 
 ,
 
 588 S.E.2d 379
 
 (2003). The North Carolina Supreme Court has held, "[t]he mere quantity of the controlled substance alone may suffice to support the inference of an intent to transfer, sell or deliver."
 
 State v. Morgan,
 

 329 N.C. 654
 
 , 659,
 
 406 S.E.2d 833
 
 , 835 (1991).
 

 In
 
 State v. Carr,
 
 the defendant had two pill bottles, one with a large rock of cocaine and the other with eight small rocks of cocaine of a size selling for about $20.00 to $40.00 each.
 
 State v. Carr,
 

 122 N.C. App. 369
 
 ,
 
 470 S.E.2d 70
 
 (1996). In addition, the defendant had been seen talking to a known drug user.
 

 Id.
 

 The Court concluded that this was sufficient evidence for the jury to infer that the defendant had the intent to sell and/or distribute the rock cocaine in his possession.
 

 Id.
 

 We note that defendant does not take issue with the sufficiency of the evidence as to the possession element of the offense charged. He contends only that there was not sufficient evidence that he intended to sell or deliver the cocaine found in his possession on the night of 21 August 2001. To that end, the evidence in the light most favorable to the State shows thatdefendant had in his possession 19 rocks of cocaine, with a street value of $400.00. Defendant also had a razor blade, which is commonly used to cut rock cocaine into individual doses, in his possession. On the evening in question, defendant asked Clayton, who was driving him to his cousin's house (at defendant's request), to make two stops on the way, at a movie theater and at an apartment complex.
 

 While defendant argues that the amount of cocaine was not shown to exceed that which a crack user might obtain for personal consumption and that defendant's possession of drug paraphernalia was only indicative of his being a drug user, we disagree. A reasonable fact-finder could indeed determine the amount of cocaine in this case to be more than an individual would possess for his personal consumption.
 
 See Morgan,
 

 329 N.C. at 660
 
 ,
 
 406 S.E.2d at 836
 
 . Further, though defendant argues that the cocaine was not packaged for individual resale, and he was not in possession of cash at the time of his arrest, we do not believe this to be dispositive. It is well settled that the State's evidence need not exclude every hypothesis of innocence.
 
 State v. Mann,
 

 355 N.C. 294
 
 , 301,
 
 560 S.E.2d 776
 
 , 781,
 
 cert. denied,
 

 537 U.S. 1005
 
 ,
 
 154 L. Ed. 2d 403
 
 (2002).
 

 "`If there is more than a scintilla of competent evidence to support allegations in the warrant or indictment, it is the court's duty to submit the case to the jury.'"
 
 State v. Everhardt,
 

 96 N.C. App. 1
 
 , 11,
 
 384 S.E.2d 562
 
 , 568 (1989) (quoting
 
 State v. Horner,
 

 248 N.C. 342
 
 , 344-45,
 
 103 S.E.2d 694
 
 , 696 (1958)). In close orborderline cases, "courts have consistently expressed a preference for submitting issues to the jury[.]"
 
 State v. Jackson,
 

 103 N.C. App. 239
 
 , 244,
 
 405 S.E.2d 354
 
 , 357 (1991) (quoting
 
 State v. Hamilton,
 

 77 N.C. App. 506
 
 , 512,
 
 335 S.E.2d 506
 
 , 510 (1985),
 
 disc. review denied,
 

 315 N.C. 593
 
 ,
 
 341 S.E.2d 33
 
 (1986)).
 

 Though close, we believe that the facts and attenuating circumstances here constitute sufficient evidence from which the fact-finder could infer that defendant had cocaine in his possession, which he intended to sell and/or distribute to others. Therefore, the trial court did not err in denying defendant's motion to dismiss his possession with intent to manufacture, sell or deliver charge.
 

 No error.
 

 Judges HUDSON and STEELMAN concur.
 

 Report per Rule 30(e).