STATE OF NORTH CAROLINA v. RONNIE L. MOORE

No. 8523SC391

(Filed 29 October 1985)

**1. Criminal Law § 122.2— armed robbery and kidnapping—additional instructions upon failure to reach verdict—no error**

The trial court did not err in a prosecution for armed robbery and second degree kidnapping in its instructions to the jury on further deliberations where the jury deliberated for one hour and fifteen minutes, then returned to the courtroom with one juror stating that she could not in good conscience come to the same conclusion as the rest of the jury. The judge's charge was a restatement of the instructions provided by G.S. 15A-1235, the judge merely instructed the dissenting juror to consider the evidence with the other jurors and reexamine her own views, and he twice cautioned the jury not to compromise their convictions or do violence to their conscience.

**2. Kidnapping § 1.2— kidnapping pursuant to robbery—evidence sufficient**

The evidence was sufficient to support a verdict that defendant was guilty of second degree kidnapping where defendant and an accomplice went to a parking lot near a grocery store, found Mickey Miller and Susan Gambill in a parked automobile, pointed guns at Miller and Gambill and ordered them out of the automobile, forced them to walk to a wooded area behind the store, defendant threatened to kill Miller if he was not quiet, defendant and his accomplice left Miller behind the store and instructed him that Gambill would not be harmed if he remained there, defendant and his accomplice took Gambill into the store, defendant held a gun to another victim's head, his accomplice took money, credit cards, and a pistol from his possession, and Miller

remained behind the store for two or three minutes and left. Defendant restricted Miller in his freedom of motion by threatening him with a gun and thus restrained him within the meaning of G.S. 14-39; defendant removed Miller by forcing him to leave his automobile and move to a different location behind the store; and defendant kidnapped Miller for the purpose of facilitating the armed robbery in that defendant was attempting to prevent Miller from contacting the police.

APPEAL by defendant from *Rousseau, Judge.* Judgments entered 7 November 1984 in Superior Court, WILKES County. Heard in the Court of Appeals 21 October 1985.

Defendant was charged in proper bills of indictment with the armed robbery of Benny Hayes, the second degree kidnapping of Mickey Miller, and the second degree kidnapping of Susan Gambill. Defendant was found guilty as charged in the three cases. From judgments imposing a prison sentence of thirty years for armed robbery, nine years for the second degree kidnapping of Mickey Miller, and nine years for the second degree kidnapping of Susan Gambill, sentences to run consecutively, defendant appealed.

*Attorney General Lacy H. Thornburg, by Associate Attorney General Victor H. E. Morgan, Jr., for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Robin E. Hudson, for defendant, appellant.*

HEDRICK, Chief Judge.

[1] Defendant's third assignment of error is set out in the record as "[t]he court erred by refusing to declare a mistrial after one juror indicated her desire to be dismissed because she could not in good conscience agree with the other jurors, since he thereby coerced a verdict." The record discloses that after the jury deliberated for one hour and fifteen minutes, they returned to the courtroom. One juror stated that she could not, in good conscience, come to the same conclusion as the rest of the jury. The judge stated:

> Well, a jury consists of twelve people, and we cannot have a verdict of less than twelve people. It's a jury's function to sit together and listen to the evidence; to go back and deliberate their verdict, talk about it among yourselves.

State v. Moore

Oftentimes we, as individuals, hear things and we think one thing is the right way on it, and then after listening to our other fellow jurors sometimes we realize that our position might not be correct, the one we took right to begin with. That's part of the function of the jury—it is the function of the jury to sit together and sit down and reason these things together and come to a true and just verdict if you possibly can. Now, you have only been deliberating about 45 minutes yesterday and something less than 30 minutes this morning, and, ma'am, I'll ask you to go back and sit with the other jurors longer. Now, I do not ask anyone to compromise their convictions or do violence to their conscience. All I ask is that you sit together and talk about it among yourselves, and see if you can arrive at a verdict. Now, oftentimes it is impossible for a jury to arrive at a verdict, but I don't think you've been deliberating quite long enough, so, anyway, I am going to let you deliberate a little longer. But again, I caution each of you, and you, Ms. Cain, I do not ask anyone to compromise their convictions or do violence to their conscience. All I ask is that you sit together, discuss about it, and let each one have their say about it, hear what they have to say, talk about it, and see if you can't arrive at a verdict.

He then sent the jury back to deliberate longer. The jury later returned, finding defendant guilty as charged in the three cases. The jury was polled and each juror assented to the verdicts.

When a jury appears unable to agree, a trial judge may require the jury to continue deliberations, but has no right to coerce a verdict. *State v. Alston,* 294 N.C. 577, 243 S.E. 2d 354 (1978). A charge which, when taken as a whole, a juror might reasonably construe as requiring him to surrender his convictions to the view of the majority is erroneous. *Id.* The judge may give or repeat the following instructions to the jury in these circumstances:

(a) . . . that in order to return a verdict, all 12 jurors must agree to a verdict of guilty or not guilty.

(b) . . . that:

(1) Jurors have a duty to consult with one another and to deliberate with a view to reaching an agreement, if it can be done without violence to individual judgment;

(2) Each juror must decide the case for himself, but only after an impartial consideration of the evidence with his fellow jurors;

(3) In the course of deliberations, a juror should not hesitate to reexamine his own views and change his opinion if convinced it is erroneous; and

(4) No juror should surrender his honest conviction as to the weight or effect of the evidence solely because of the opinion of his fellow jurors, or for the mere purpose of returning a verdict.

G.S. 15A-1235. The instructions provided by G.S. 15A-1235 are guidelines for the trial judge and need not be given verbatim. *State v. Jeffries*, 57 N.C. App. 416, 291 S.E. 2d 859, *disc. rev. denied*, 306 N.C. 561, 294 S.E. 2d 374 (1982). In giving such instructions, the trial judge must be allowed to exercise his sound judgment to deal with the myriad different circumstances he encounters at trial. *Id.*

In the present case, the judge's charge was a restatement of the instructions provided by G.S. 15A-1235. A juror could not reasonably conclude from this charge that it was necessary that he compromise his convictions. Judge Rousseau merely instructed the dissenting juror to consider the evidence with the other jurors and reexamine her own views. He twice cautioned the jury not "to compromise their convictions or do violence to their conscience." This language negates any coercion that may exist in the charge. *State v. Bailey*, 280 N.C. 264, 185 S.E. 2d 683, *cert. denied*, 409 U.S. 948, 93 S.Ct. 293, 34 L.Ed. 2d 218 (1972). Under these circumstances, we believe the judge properly exercised his discretion in sending the jury back to deliberate and refusing to declare a mistrial.

[2] Defendant also contends that the evidence was not sufficient to support the verdict that defendant was guilty of second degree kidnapping of Mickey Miller. The evidence offered at trial tends to show that defendant and his accomplice went to a parking lot near Benny Hayes' grocery store, where they found Mickey Miller and Susan Gambill in a parked automobile. Defendant and his accomplice pointed guns at Miller and Gambill and ordered them out of the automobile, and forced them to walk to a wooded area

behind the store. There, defendant threatened to kill Miller if he was not quiet. After a few minutes, defendant and his accomplice left Miller behind the store, instructing him that Gambill would not be harmed if he remained there. Whereupon, defendant and his accomplice, still armed, took Gambill into the store. In the store, defendant held a gun to Benny Hayes' head and, with his accomplice, took $1,560, a billfold containing credit cards, and a pistol from his possession. Miller remained behind the store for two or three minutes and then left.

Defendant argues that merely having Mickey Miller get out of his car and walk behind the store near where his car was parked did not amount to second degree kidnapping because the evidence of restraint or removal from one place to another was insufficient and that there was no evidence that the kidnapping actually facilitated the commission of the armed robbery.

G.S. 14-39, in pertinent part, provides:

(a) Any person who shall unlawfully confine, restrain, or remove from one place to another, any other person 16 years of age or over without the consent of such person, . . . shall be guilty of kidnapping if such confinement, restraint or removal is for the purpose of: . . .

(2) Facilitating the commission of any felony. . . .

In *State v. Fulcher*, 294 N.C. 503, 243 S.E. 2d 338 (1978), the Supreme Court defined "restrain" and "remove" for the purposes of this statute. The term "restrain" connotes restriction by force, threat or fraud with or without confinement. *Id.* Restraint does not have to last for an appreciable period of time and removal does not require movement for a substantial distance. *Id.* In enacting G.S. 14-39 the Legislature clearly intended to "make resort to a tape measure or a stop watch unnecessary in determining whether the crime of kidnapping has been committed." *Id.* at 522, 243 S.E. 2d at 351.

Restraint *or* removal of the victim for any of the purposes specified in the statute is sufficient to constitute kidnapping. Thus, no asportation is required where there is the requisite restraint. *Fulcher*, 294 N.C. 503. In *State v. Adams*, 299 N.C. 699, 264 S.E. 2d 46 (1980), where there was evidence that the victim was prevented from walking to a neighbor's house and forced to

enter her own home, the court held that the State had shown both restraint and removal.

Restraint or removal of a victim is not kidnapping unless it is for one of the purposes enumerated in the statute. *Fulcher*, 294 N.C. 503. One of the purposes is the facilitation of the commission of a felony. Intent, for the purpose of this statute, may be inferred from the circumstances surrounding the event and must be determined by the jury. *State v. White*, 307 N.C. 42, 296 S.E. 2d 267 (1982). Thus, in *White*, where the evidence showed that the defendant was prepared to commit a sexual assault on his victim when he forced him into an alley and did in fact assault him, the court held that the jury could infer that the defendant had taken his victim there for that purpose. *Id.*

In this case, the evidence was clearly sufficient to permit the jury to find all of the elements of kidnapping present. The evidence that defendant restrained the victim and removed him from one place to another was sufficient to support the verdict. Defendant restricted Miller in his freedom of motion by threatening him with a gun, and thus restrained him within the meaning of the statute. He also removed Miller by forcing him to leave his automobile and move to a different location behind the store. The distance of the removal and the duration of the restraint are immaterial in this case.

The evidence also adequately shows that defendant kidnapped Miller for the purpose of facilitating the armed robbery of Benny Hayes. By forcing Miller to go behind the store and warning him, when he and his accomplice left with Susan Gambill, that she would not be harmed if he remained there, the jury could infer that defendant was attempting to prevent Miller from contacting the police and thereby facilitating the armed robbery. It is not necessary under this statute to show that the kidnapping accomplished its purpose, and thus the fact that Miller left to report the crime is immaterial. Finally, the argument of defendant that the felony which was facilitated by the kidnapping must also be committed against the victim of the kidnapping is without merit, because the statute clearly requires only that the kidnapping facilitate the commission of any felony.

No error.

Judges BECTON and PARKER concur.