STATE OF NORTH CAROLINA v. TIMMY BRAYBOY

No. 914SC145

(Filed 18 February 1992)

**1. Rape and Allied Offenses § 5 (NCI3d)— attempted rape— insufficient evidence of intent**

The State's evidence was insufficient to show that defend-· ant intended to engage in forcible, nonconsensual intercourse with the victim and was thus insufficient to support defend- ant's conviction of attempted second degree rape where it tended to show that, following a codefendant's shooting of the victim's companion, defendant grabbed the victim, forced her to the ground, pinned her arms behind her, and then straddled her, and the codefendant told defendant, "Go on and do what you want to do with her."

**Am Jur 2d, Rape §§ 25, 26, 88.**

**2. Kidnapping § 1.2 (NCI3d)— restraint to facilitate felonious assault—sufficiency of evidence**

The State's evidence was sufficient to support defendant's conviction of kidnapping the victim for the purpose of facilitating a felonious assault upon her companion where it tended to show that immediately after the codefendant shot the victim's companion, defendant restrained the victim upon her attempt to investigate the purpose of the shooting by forcing her to the ground, pinning her arms behind her, and getting on top of her; defendant told the victim that the shot was fired to kill a snake; and the codefendant walked to where defendant held the victim on the ground and said, "Go on and do what you want to do with her." The jury could infer from this evidence that defendant told the victim that the codefendant had shot a snake to conceal the assault upon her companion, that defendant forced the victim to the ground to prevent her from interfering with the assault or aiding her companion once he had been assaulted, and that defendant knew of the codefendant's intent to shoot the victim's companion.

**Am Jur 2d, Abduction and Kidnapping §§ 13, 20, 21, 32.**

APPEAL by defendant from judgment entered 29 August 1990 in SAMPSON County Superior Court by *Judge James R. Strickland.* Heard in the Court of Appeals 6 January 1992.

Defendant and his co-defendant were indicted for attempted first degree rape, second degree kidnapping and assault with a deadly weapon with intent to kill inflicting serious injury. The State's evidence presented at trial tends to establish the following facts and circumstances.

Defendant is a twenty-nine-year-old house painter and resident of Sampson County. Co-defendant (hereinafter Jones) is a resident of Sampson County and defendant's uncle. Defendant and Jones spent a good deal of time fishing at a creek located in rural Sampson County. While fishing, defendant and Jones struck a casual acquaintance with defendant's distant relative (hereinafter Kauchak) and his girlfriend (hereinafter Ms. Koehler). Kauchak and Ms. Koehler were visiting in Sampson County from Indiana and fished with defendant and Jones several times at this creek during the week of their visit.

On the evening of 10 May 1990 at approximately 9:00 p.m., defendant and Jones called upon Kauchak and Ms. Koehler to invite them to go fishing. They were informed that Kauchak was asleep at that time. Defendant and Jones left and came back later to again invite the couple to go fishing. After some delay, Kauchak and Ms. Koehler agreed. They then drove their car to the creek to meet defendant and Jones. Defendant and Jones were fishing when the couple arrived at the creek. The couple sat in the car while Kauchak finished a cigarette. Defendant came up to the car and told the couple to join him and Jones in fishing.

Kauchak got out of the car and walked towards Jones' truck to see if any fish had been caught. Ms. Koehler remained by the car and engaged in conversation with defendant. As Kauchak neared the truck, Jones fired a shot from a .22 calibre rifle wounding Kauchak. Kauchak testified that Jones had the gun aimed at him as soon as he reached the side of the truck where Jones was standing. Kauchak also testified that Jones shot him almost instantly upon reaching the side of the truck and that he was within two to three feet from Jones when he was shot.

The statements concerning the events following the shooting are varied and contradictory. Ms. Koehler stated that she asked

defendant, "What's that?" immediately following the gunshot and that he replied, "That's just [Jones] over there killing a snake." Ms. Koehler then turned to walk towards the vicinity of the gunshot when defendant grabbed her from behind, put his hand over her mouth and pinned her to the ground. Ms. Koehler began to scream and struggle. Defendant kept saying, "Shut up or I'm going to kill you" and raised his fist as if he were going to hit her. Ms. Koehler stated she then asked if Jones had killed Kauchak and an unidentified male voice responded, "No." Jones then walked up to where Ms. Koehler and defendant were on the ground and told defendant, "Go on and do what you want to do with her." Ms. Koehler testified that at no time did defendant attempt to touch her "privates." Other statements admitted at trial indicated that Ms. Koehler was not injured in any way by defendant and never complained of being sexually assaulted.

Defendant testified that while the parties stood in the dark at the creek he heard a splash and, using his flashlight, caught sight of a water moccasin in the water. Defendant then "hollered" for Jones to get his rifle to shoot the snake. Immediately following the shot, Jones said, "Timmy, Timmy, I shot [Kauchak] . . . the gun went off." Ms. Koehler then started "screaming and hollering" and defendant reached over her shoulder to calm her down. Defendant then stated Ms. Koehler slapped at him and slid down in the mud. Defendant testified that he and Jones aided Kauchak and Ms. Koehler by helping them back to their car and insisting that Kauchak seek medical treatment.

Kauchak testified that after he was shot and fell to the ground, he heard Ms. Koehler start to scream. Jones then walked in the direction of defendant and Ms. Koehler, stepping on Kauchak's head or neck in the process. Kauchak got up and made his way towards defendant and Ms. Koehler and saw that defendant was on top of her and had her pinned to the ground. Kauchak wrestled the rifle away from Jones and attempted to shoot Jones with it. Jones then replied, "There's no bullets in it, it won't do you no good, boy." Kauchak took a knife out of his pants and threatened to kill defendant and Jones. Kauchak then chased the two men around his car and tried to follow them as they fled into a nearby field. Kauchak and Ms. Koehler got in their car, drove away and then sought medical attention for Kauchak's gunshot wound.

Defendant and Jones were tried together under the theory of acting in concert for the crimes of attempted first degree rape, second degree kidnapping and assault with a deadly weapon with intent to kill inflicting serious injury. Defendant made motions to dismiss the charges against him for insufficiency of the evidence at the close of the State's evidence and at the close of all the evidence, which were denied. Jones was convicted of assault with a deadly weapon with intent to kill inflicting serious injury for the shooting of Kauchak. Defendant was convicted of attempted second degree rape and second degree kidnapping and was acquitted on the charge of assault. Defendant was given a combined sentence of thirty years imprisonment for these crimes upon the finding of an aggravating factor of prior convictions. This sentence is in excess of the presumptive terms of twelve years for attempted second degree rape and nine years for second degree kidnapping. Defendant appeals.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General James Peeler Smith, for the State.*

*Philip E. Williams for defendant-appellant.*

WELLS, Judge.

Defendant presents five assignments of error to this Court on appeal. He does not address his fourth and fifth assignments in his brief and they are therefore deemed abandoned. N.C.R. App. P., Rule 28. In his remaining assignments, defendant contends the trial court erred in denying his motions to dismiss for insufficiency of the evidence, refusing defendant's motion for a mistrial and allowing impeachment of a defense witness with his own prior inconsistent statement.

Defendant first assigns error to the trial court's denial of his motions to dismiss for insufficiency of the evidence. Defendant contends in his brief that the evidence relating to the charges of attempted first degree rape and second degree kidnapping to facilitate the felony of assault with a deadly weapon with intent to kill inflicting serious injury is insufficient to withstand a motion to dismiss.

Upon a motion to dismiss by a defendant, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included

therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied. *State v. Powell,* 299 N.C. 95, 261 S.E.2d 114 (1980). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *State v. Smith,* 300 N.C. 71, 265 S.E.2d 164 (1980). The evidence is considered in the light most favorable to the State, "and the State is entitled to every reasonable intendment and every reasonable inference to be drawn therefrom." *State v. Bright,* 301 N.C. 243, 271 S.E.2d 368 (1980), *quoting State v. McKinney,* 288 N.C. 113, 215 S.E.2d 578 (1975). However, if the evidence "is sufficient only to raise a suspicion or conjecture as to either the commission of the offense or the identity of the defendant as the perpetrator of it, the motion for [dismissal] should be allowed." *Id., quoting State v. Cutler,* 271 N.C. 379, 156 S.E.2d 679 (1967).

[1] In the present case, defendant contends that the evidence, taken in a light most favorable to the State, does not support the conclusion that he committed the crime of attempted rape. We agree. The two elements of the crime of attempt are (1) there must be the intent to commit a specific crime and (2) an overt act which in the ordinary and likely course of events would result in the commission of the crime. *State v. Rushing,* 61 N.C. App. 62, 300 S.E.2d 445 (1983). An attempt is an act done with the *specific intent* to commit a crime. *Id.* (Emphasis in original). In the context of attempted rape, the State must have presented evidence sufficient to establish that (1) defendant forced Ms. Koehler to the ground with the intent to engage in forcible, nonconsensual intercourse with her and (2) in the ordinary and likely course of events, defendant's assaultive act would result in the commission of a rape.

It is clear that the evidence pertaining to defendant's acts does not support the conclusion that he intended to rape Ms. Koehler. There is no evidence that defendant forced himself upon her in a sexual manner or indicated that it was his intent to engage in forcible, nonconsensual intercouse with her. The evidence merely shows that defendant grabbed Ms. Koehler, forced her to the ground, pinned her arms behind her back and then straddled her following Jones' shooting Kauchak. The only evidence which could give any indication that defendant might have intended to commit some sexual act upon Ms. Koehler is Jones' statement, "Go on and do what you want to do with her." This evidence allows one only to speculate exactly what defendant may have intended to "do"

with Ms. Koehler. Therefore, the trial court erred in denying defendant's motion to dismiss as to this charge.

[2] Defendant also contests the charge and conviction of kidnapping Ms. Koehler for the purpose of facilitating the felony assault upon Kauchak. He contends, as with the charge of attempted rape, that there was insufficient evidence presented at trial for this charge to survive his motion to dismiss. We disagree.

N.C. Gen. Stat. § 14-39, in pertinent part, provides:

(a) Any person who shall unlawfully confine, restrain, or remove from one place to another, any other person 16 years of age or over without the consent of such person, . . . shall be guilty of kidnapping if such confinement, restraint or removal is for the purpose of: . . .

(2) Facilitating the commission of any felony. . . .

The terms "restrain" and "remove" have been defined for the purposes of this statute. The term "restrain" connotes restriction by force, threat or fraud with or without confinement. State v. Moore, 77 N.C. App. 553, 335 S.E.2d 535 (1985), citing State v. Fulcher, 294 N.C. 503, 243 S.E.2d 338 (1978). Restraint does not have to last for an appreciable period of time and removal does not require movement for a substantial distance. Id. Restraint or removal of the victim for any of the purposes specified in the statute is sufficient to constitute kidnapping. Thus, no asportation is required where there is the requisite restraint. Id.

When an indictment alleges an intent to commit a particular felony, the State must prove the particular felonious intent alleged. State v. White, 307 N.C. 42, 296 S.E.2d 267 (1982). In order to withstand the defendant's motion to dismiss, the State [is], therefore, required to introduce substantial evidence tending to show that defendant had the intent [to commit the particular felony] at the time he [confined, restrained or removed the victim]. State v. Alston, 310 N.C. 399, 312 S.E.2d 470 (1984). Intent, or the absence of it, may be inferred from the circumstances surrounding the event and must be determined by the jury. Id., citing State v. Accor and State v. Moore, 277 N.C. 65, 175 S.E.2d 583 (1970). It is not necessary that the felony which was facilitated by the kidnapping be committed against the victim of the kidnapping. The kidnapping statute clearly requires only that the kidnapping facilitate the commission of any felony. Moore, supra.

In the present case, the State has shown substantial evidence that would support the inference that defendant restrained Ms. Koehler with the intent of facilitating the assault upon Kauchak. The State has sufficiently shown that defendant restrained Ms. Koehler by forcing her to the ground, pinning her arms behind her back and getting on top of her. Defendant's act of restraint occurred immediately after the shot was fired but prior to any investigation as to why it was fired. Defendant informed Ms. Koehler that the shot was fired to kill a snake but restrained her upon her attempt to investigate the purpose of the shooting. Further, Jones immediately walked to where defendant held Ms. Koehler on the ground and said, "Go on and do what you want to do with her."

A jury could infer that defendant told Ms. Koehler that Jones had shot a snake to conceal the assault committed upon Kauchak and that defendant forced her to the ground to prevent her from interfering with the assault or aiding Kauchak once he had been assaulted. Further, a jury could infer that Jones' action immediately following his shooting Kauchak was intended to confirm to defendant that the assault had been accomplished. This would support an inference that defendant knew of Jones' intent to shoot Kauchak. Therefore, we find no error in the trial court's denial of defendant's motion to dismiss as to the charge of kidnapping to facilitate the felony assault upon Kauchak and overrule this assignment of error as to this charge.

Defendant combines his remaining assignments of error into one argument in his brief. He contends the trial court erred in denying defendant's request for a mistrial on the ground that the State attempted to elicit an admission of prior bad acts by defendant. Defendant also contends that the trial court erred by allowing the State to impeach a particular witness with his own prior inconsistent statements. Upon our review of the arguments presented in defendant's brief and the record before us, we deem these assignments of error to be totally without merit and overrule them.

For the reasons stated, defendant's conviction of attempted second degree rape is reversed and this case is remanded for resentencing based on the conviction of second degree kidnapping.

As to No. 90 CRS 3500,

Reversed.

As to No. 90 CRS 3501,

No error in the trial; remanded for resentencing.

Chief Judge HEDRICK and Judge JOHNSON concur.