STATE OF NORTH CAROLINA v. MICHAEL JOSEPH WASHINGTON

No. COA02-770

(Filed 6 May 2003)

**Kidnapping— second-degree—motion to dismiss—sufficiency of evidence—restraint—terrorizing—serious bodily harm**

The trial court did not err by denying defendant's motion to dismiss the charge of second-degree kidnapping under N.C.G.S. § 14-39(a) arising out of a road rage incident occurring after defendant and the victim's cars were involved in an accident, because: (1) defendant concedes and substantial evidence in the record shows the victim was restrained by defendant; (2) under the facts of this case, the restraint was separate and distinct from defendant's assault of the victim; and (3) substantial evidence exists to show that defendant acted with the purpose of terrorizing, doing serious bodily harm upon the victim, or both.

Appeal by defendant from judgment entered 5 December 2001 by Judge Donald W. Stephens in Wake County Superior Court. Heard in the Court of Appeals 15 April 2003.

*Attorney General Roy Cooper, by Assistant Attorney General Jane L. Oliver, for the State.*

*Terry W. Alford for defendant.*

TYSON, Judge.

Michael Joseph Washington ("defendant") appeals from a conviction and judgment entered upon a jury's verdict of guilty of second-degree kidnapping. We find no error.

## I. Background

On 26 September 2001 around 7:20 a.m., Michael K. Perry ("Perry") left his home in Wake Forest and drove towards a donut store to get breakfast for his family. Perry turned his vehicle south onto U.S. Highway 1 en route to the store. Perry encountered a substantial traffic jam after traveling about a mile.

Perry moved into the left-hand lane as he crawled through traffic with the other motorists. A white van was being driven by defendant and came to a stop directly in front of Perry. Perry was unsure why defendant had stopped because traffic was moving in the right-hand lane, albeit slowly. Perry waited for defendant to continue and began to wonder if defendant was experiencing car trouble. Vehicles located behind Perry began to pass both Perry's and defendant's vehicles on the right-hand and left-hand sides of the highway.

Perry decided to attempt to pass defendant on the left-hand side where there was a crossover. As Perry moved to pass defendant's van, defendant drove into the front side of Perry's vehicle, preventing Perry from driving further. Defendant exited his van and immediately approached Perry, who remained seated inside his car. Perry's driver's side window was halfway down. Defendant grabbed the window and as he began pulling on it, it shattered. Defendant appeared furious with Perry and yelled at Perry to "get out" of the car. Defendant grabbed Perry's necktie and continued to demand of Perry to "get out" of the car.

Perry released his seatbelt and unlatched his door as defendant tried to open the door from the outside. Defendant grabbed Perry by the shoulders and pushed him to the ground. Perry managed to arise to his feet. Defendant continued to hold Perry with at least one hand and told him to "get in the van."

STATE v. WASHINGTON

[157 N.C. App. 535 (2003)]

As Perry tried to escape, defendant hit him above his eye. Perry recalled being "airborne" before landing on the hood of his car. Other motorists yelled at defendant to stop. Perry testified that defendant threatened to "pop" him and that defendant stated he had "to go back or . . . something like that." Defendant retreated to his van.

Other motorists stopped and asked Perry if he was hurt. Wake Forest Police Detective John Martin arrived upon the scene. A highway patrol trooper and another Wake Forest police officer also arrived. Perry suffered a cut over his right eye, abrasions on his face, and nicks on the palms of his hands from the incident.

On 16 October 2001, defendant was indicted for second-degree kidnapping. A trial was held 4 December 2001, and the jury returned a verdict of guilty on that charge. Defendant was sentenced in the presumptive range as a Class IV felon to an active term of 46 to 65 months. The Court recommended work release after defendant successfully completed a substance abuse treatment program. Defendant appeals.

## II. Issue

Defendant assigns error to the trial court's denial of his motion to dismiss the kidnapping charge for insufficiency of the evidence.

## III. Sufficiency of Evidence

In ruling on a motion to dismiss, the trial court must determine whether substantial evidence exists to support each essential element of the crime charged. *State v. Earnhardt*, 307 N.C. 62, 65, 296 S.E.2d 649, 651 (1982). "Substantial evidence" is relevant evidence that a reasonable mind might find to support a conclusion. *State v. Smith*, 300 N.C. 71, 78-9, 265 S.E.2d 164, 169 (1980). The trial court must consider the evidence in the light most favorable to the State and allow the State any reasonable inference which can be drawn from the evidence. *State v. Davis*, 325 N.C. 693, 696, 386 S.E.2d 187, 189 (1989).

## A. Kidnapping and Restraint

Kidnapping is a specific intent crime. *State v. Moore*, 315 N.C. 738, 743, 340 S.E.2d 401, 404 (1986). The jury is required to find that defendant unlawfully confined, restrained, or removed a victim for one of the purposes set out in the statute. *Id.* Defendant was indicted for second-degree kidnapping for restraining Perry with the purpose of terrorizing him or doing serious bodily harm upon Perry's person.

(a) Any person who shall unlawfully confine, restrain, or remove from one place to another, any other person 16 years of age or over without the consent of such person, or any other person under the age of 16 years without the consent of a parent or legal custodian of such person, shall be guilty of kidnapping if such confinement, restraint or removal is for the purpose of:

(1) Holding such other person for a ransom or as a hostage or using such other person as a shield; or

(2) Facilitating the commission of any felony or facilitating flight of any person following the commission of a felony; or

(3) Doing serious bodily harm to or terrorizing the person so confined, restrained or removed or any other person; or

(4) Holding such other person in involuntary servitude in violation of G.S. 14-43.2.

N.C.G.S. § 14-39(a) (2001).

Defendant concedes and substantial evidence in the record shows that Perry was restrained by defendant. Defendant argues that the restraint here was insufficient to support a charge of kidnapping. Defendant also argues that his restraint of Perry was an inherent part of an assault and cannot be used to support kidnapping. We disagree.

"Restraint" in the kidnapping context was defined in *State v. Brayboy*, 105 N.C. App. 370, 413 S.E.2d 590, *disc. review denied*, 332 N.C. 149, 419 S.E.2d 578 (1992).

The term "restrain" connotes restriction by force, threat or fraud with or without confinement. *State v. Moore*, 77 N.C. App. 553, 335 S.E.2d 535 (1985), *citing State v. Fulcher*, 294 N.C. 503, 243 S.E.2d 338 (1978). Restraint does not have to last for an appreciable period of time and removal does not require movement for a substantial distance. *Id.* Restraint or removal of the victim for any of the purposes specified in the statute is sufficient to constitute kidnapping.

*Brayboy*, 105 N.C. App. at 375, 413 S.E.2d at 593.

Testimony from Perry and other witnesses at the scene tends to show that defendant grabbed Perry while he was seated inside his car, threw him to the ground, and knocked Perry onto the hood of his car. Perry could not flee from defendant because defendant contin-

ued to hold Perry while assaulting him. Additionally, Perry's car was positioned directly behind defendant's van restraining Perry from leaving via foot or car. We find no merit in defendant's assertion that more restraint than defendant's admitted actions is required to support his conviction of kidnapping.

Presuming without deciding that restraint is not an inherent part of a simple assault as defendant alleges, we hold that under the facts of this case, the restraint was separate and distinct from the assault.

### B. "Terrorizing" and "Serious Bodily Harm"

Defendant argues that the State produced insufficient evidence to show that defendant had the specific intent to terrorize or to do serious bodily harm to Perry. The burden of proving the specific intent of defendant is upon the State. Specific intent can be inferred through circumstantial evidence of the actions of the defendant. *See State v. Irwin*, 304 N.C. 93, 99-100, 282 S.E.2d 439, 444 (1981).

Defendant argues that the jury did not specifically find whether defendant acted with the purpose of (1) terrorizing or (2) doing serious bodily harm upon Perry or (3) both. Substantial evidence of defendant's actions supports either or both purposes.

Terrorizing is defined as "putting [a] person in some high degree of fear, a state of intense fright or apprehension." *State v. Moore*, 315 N.C. 738, 745, 340 S.E.2d 401, 405 (1986). The evidence shows that defendant yelled at Perry to "get out" of his car, shattered Perry's car window, grabbed Perry, threw him to the ground and onto the hood of his car, and ordered Perry to get into defendant's van. This evidence is sufficient for a jury to find that defendant's purpose was to terrorize Perry. Perry testified that he was scared and tried to escape from defendant. When this evidence is viewed in the light most favorable to the State, the jury could find that defendant's purpose was to terrorize Perry.

Substantial evidence also exists for the jury to infer that defendant intended to do serious bodily harm to Perry. Defendant contends that serious bodily harm was not inflicted upon Perry because he was charged with second-degree and not first-degree kidnapping. While Perry suffered a cut above his eye and several bruises, the extent of physical damage to Perry is not in issue. The question is whether defendant's actions could show a specific intent on his part to do serious bodily harm to Perry.

### IV. Conclusion

Eyewitness testimony and other evidence tend to show such specific intent, when this evidence is viewed in the light most favorable to the State. Defendant initiated the contact and attacked Perry intensely and continuously in an apparent rage. We overrule defendant's assignment of error that the evidence was insufficient to support the submission of second-degree kidnapping to the jury.

No error.

Judges WYNN and STEELMAN concur.