STATE OF NORTH CAROLINA v. VINCENT PERCY QUINN, JR.

No. COA03-1319

(Filed 2 November 2004)

**1. Sexual Offenses— short-form indictments—constitutional**

Short-form indictments for first-degree statutory sexual offenses meet constitutional standards.

**2. Evidence— sexually explicit images—not admitted—testimony about images admitted**

Testimony that defendant viewed sexually explicit photographs on his home computer was admissible in a prosecution for kidnapping and statutory sexual offense to establish defendant's motive, preparation and plan. The probative value of this evidence was not substantially outweighed by the danger of unfair prejudice where the judge did not admit the images, the State was cautioned that the images were inflammatory, and the court took the precaution of placing them in an envelope to avoid their being shown to the jury.

**3. Kidnapping— indictment alleging "and"—instruction using "or"—variance—not plain error**

A variance between a kidnapping indictment alleging unlawful confinement, restraint "and" removal and the court's instruc-

tion on unlawful confinement, restraint "or" removal did not constitute plain error.

**4. Kidnapping— facilitation of statutory rape—instruction on sexual offense—no plain error**

There was no plain error where the indictment alleged first-degree kidnapping for the purpose of facilitating a felony, statutory rape, and the court instructed the jury on kidnapping to facilitate first-degree sexual offense, even though the jury could not reach a verdict on the statutory rape charge, because the statute requires only that the kidnapping facilitate the commission of any felony, and there was ample evidence to support the theory given in the instructions.

**5. Kidnapping— of child—lack of parental consent—evidence sufficient**

There was sufficient evidence of a lack of parental consent in the kidnapping of a thirteen-year-old girl. The girl testified that she did not have her parent's permission to go with defendant and did not know of defendant asking her parents about taking her to North Carolina, and the child's mother testified that she had given her permission to walk to a friend's home, but had become anxious and ultimately called the police when she did not return.

**6. Sentencing— kidnapping and underlying sexual offenses— error**

The trial court erred by sentencing defendant for first-degree kidnapping and for two sex offenses. Defendant cannot be punished for both the kidnapping and the underlying sexual assault.

Appeal by defendant from judgments entered 7 November 2002 by Judge A. Leon Stanback in Durham County Superior Court. Heard in the Court of Appeals 13 September 2004.

*Roy A. Cooper, III, Attorney General, by Jennie Wilhelm Mau, Assistant Attorney General, for the State.*

*Paul Pooley, for defendant-appellant.*

MARTIN, Chief Judge.

Defendant was indicted for first degree kidnapping "for the purpose of facilitating the commission of a felony, Statutory Rape," and for two counts of first degree statutory sexual offense of a child

thirteen years old. Evidence presented at trial tended to show the following: Defendant met 13 year old "D.B." in an Internet chat room during the summer of 2001. After interacting by computer several times a week, they exchanged photos and telephone numbers. D.B. phoned defendant using either her calling card or with a calling card number provided by defendant. In July 2001, D.B. wanted to run away from her Marmaduke, Arkansas, home and made plans for defendant to pick her up near there, but defendant did not arrive. On 15 September 2001, D.B. packed a backpack and went to a park near her mother's home, where she had agreed to meet defendant, but he was not there and D.B. abandoned her plan to run away. Later that afternoon, D.B. recognized defendant from his photograph and the out-of-state license plates on his automobile, which was parked at a stop sign near her house, and "at the last second . . . decided to go with him anyway."

Defendant and D.B. traveled to North Carolina and defendant rented a motel room in Durham, where they remained from 16 September 2001 until 20 September 2001. D.B. testified that defendant fondled her breasts, penetrated her vagina with his penis and with his fingers, and that they performed oral sex on one another. Defendant left the motel to go to work each day and D.B. stepped outside only when the maids cleaned the room.

When D.B. failed to return home on 15 September 2001, her older sister revealed the Internet profile of defendant to their mother, who contacted the police. Local police notified the state police and the FBI. With the owners' consent, the FBI confiscated both D.B.'s family computer and the computer used by defendant, which was owned by his former girlfriend. The computers revealed the interaction between D.B. and defendant. On 21 September 2001, FBI agents went to the motel in Durham and spoke with D.B.; while they were there the defendant phoned and asked her to meet him at a nearby McDonald's. D.B. informed the agents and they proceeded there to arrest defendant. After having been given his *Miranda* warnings, defendant made a statement to investigators regarding the events of 15-20 September 2001.

The trial court granted the State's motion to consolidate these charges with a charge of statutory rape of the same victim by defendant in the same transaction. The jury convicted defendant of two counts of first degree sexual offense and one count of first degree kidnapping, but was unable to reach a verdict on the statutory rape charge. Defendant was sentenced to consecutive sentences of 336

months to 413 months for each first degree sexual offense charge and a consecutive sentence of 116 months to 149 months for first degree kidnapping. Defendant appeals.

---

Defendant brings forward eight assignments of error in five separate arguments. Defendant has not presented arguments in support of the remaining thirteen assignments of error contained in the record on appeal. Therefore, they are deemed abandoned. N.C. R. App. P. 28(b)(5).

[1] Defendant first argues that the short-form indictments for first degree statutory sexual offense fail to meet constitutional standards. In his brief he acknowledges that our courts have upheld the constitutionality of the short-form indictment; however, defendant contends that these prior holdings should be overruled in light of *Jones v. United States*, 526 U.S. 227, 143 L. Ed. 2d 311 (1999), *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435 (2000), and *Ring v. Arizona*, 536 U.S. 584, 153 L. Ed. 2d 556 (2002). This argument was rejected by our Supreme Court in *State v. Hunt*, 357 N.C. 257, 270, 582 S.E.2d 593, 602, *cert. denied*, 539 U.S. 985, 156 L. Ed. 2d 702 (2003), which specifically cited *State v. Edwards*, 305 N.C. 378, 380, 289 S.E.2d 360, 362 (1982) as upholding short-form indictments charging sex offenses. Accordingly, this assignment of error is overruled.

[2] Second, defendant maintains the trial court erred and abused its discretion when it admitted testimony that defendant viewed sexually explicit photos on his home computer. We disagree. Our Supreme Court "has been liberal in allowing evidence of similar offenses in trials on sexual crime charges." *State v. Frazier*, 344 N.C. 611, 615, 476 S.E.2d 297, 300, (1996); *see also State v. Coffey*, 326 N.C. 268, 280, 389 S.E.2d 48, 55 (1990), *cert. denied* 421 S.E.2d 360 (1992) (admitting testimony concerning prior sexual act in front of a child admissible to show motive); *State v. Rael*, 321 N.C. 528, 534, 364 S.E.2d 125, 129 (1988) (permitting evidence of possession of pornography as relevant to corroborate victim's testimony). The photographs at issue here were displayed to testifying witnesses for the permissible purposes of establishing defendant's use of his girlfriend's computer and defendant's motive, preparation, and plan.

Defendant argues that even if this evidence was relevant under G. S. § 8C-1, Rule 404 (b), the trial judge abused his discretion when weighing its probative value and prejudicial effect. N.C. Gen. Stat. § 8C-1, Rule 403 (2003). "Necessarily, evidence which is probative in

the State's case will have a prejudicial effect on the defendant."
*State v. Mercer*, 317 N.C. 87, 93-94, 343 S.E.2d 885, 889 (1986). The
exclusion of evidence under this rule is a matter within the trial
court's discretion and will only be reversed on appeal with a showing
that its decision was manifestly unsupported by reason. *State v.
Womble*, 343 N.C. 667, 690, 473 S.E.2d 291, 304 (1996), *cert. denied*,
519 U.S. 1095, 136 L. Ed. 2d. 719 (1997). Here, the judge did not admit
the images, only testimony by other users of the computer that they
were not familiar with the images. The State was allowed to lay its
foundation but was cautioned that the pictures were inflammatory.
The trial court took the additional precaution of placing them in an
envelope to avoid the images being shown to the jury. The decision
to allow the testimony is not unsupported by reason and this argu-
ment is overruled.

[3,4] Third, defendant contends the trial court erred by instructing
the jury on kidnapping theories not set forth in the indictment. The
State concedes error, but argues it was harmless. Defendant argues
that the variance between the first degree kidnapping indictment and
the judge's instructions to the jury allowed conviction on theories not
included in the indictment. The first degree kidnapping indictment
charged that defendant

> unlawfully, willfully, and feloniously did kidnap [D.B.], a person
> under the age of sixteen years, by unlawfully *confining her,
> restraining her and removing* her from one place to another,
> without her consent, and for the *purpose of facilitating the com-
> mission of a felony, Statutory Rape*, and the victim was not
> released by the defendant in a safe place.

(Emphasis added). Defendant argues that the judge erred when he
instructed the jury:

> So I charge that if you find from the evidence beyond a reason-
> able doubt that on or about the alleged dates of September 16
> through September 20, 2001, the defendant unlawfully *confined,
> restrained or removed* [D.B.] from one place to another, and that
> [D.B.] had not reached her sixteenth birthday, and her parent did
> not consent to this confinement, restraint, or removal and that
> this was done for the *purpose of facilitating the defendant's
> commission of first degree sexual offense*, and that this confine-
> ment, restraint, or removal, was a separate and complete act
> independent of and apart from the felony of first degree sexual
> offense, and that [D.B.] had been sexually assaulted or not

STATE v. QUINN

[166 N.C. App. 733 (2004)]

released in a safe place, it would be your duty to return a verdict of first degree kidnapping.

(Emphasis added). Defendant did not object to this variance at trial, so we apply the plain error standard of review. *See State v. Odom*, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983) (adopting plain error standard of review). Plain error is error that "probably resulted in the jury reaching a different verdict than it otherwise would have reached." *State v. Bagley*, 321 N.C. 201, 213, 362 S.E.2d 244, 251 (1987), *cert. denied*, 485 U.S. 1036, 99 L. Ed. 2d 912 (1988). Defendant bears the burden of showing that without the erroneous instruction, the jury would not have found him guilty. *State v. Raynor*, 128 N.C. App. 244, 247, 495 S.E.2d 176, 178 (1998).

We have previously held that a variance between an indictment charging unlawful confinement, restraint *and* removal and instructions on unlawful confinement, restraint *or* removal is not reversible error. *State v. Lancaster*, 137 N.C. App. 37, 47, 527 S.E.2d 61, 68, *disc. review denied*, 352 N.C. 680, 545 S.E.2d 723 (2000) (emphasis added). Additionally, the indictment charged defendant with kidnapping under the enumerated purpose of facilitating statutory rape. Defendant argues that because the jury could not reach a verdict on the statutory rape charge, the variance constitutes plain error. We disagree. The statute "requires only that the kidnapping facilitate the commission of any felony," *State v. Moore*, 77 N.C. App. 553, 558, 335 S.E.2d 535, 538 (1985), and it is concerned with defendant's intent, which "may be inferred from the circumstances surrounding the event and must be determined by the jury." *Id.* There was ample evidence in the record to support the theories given in the jury instructions, and to "permit the jury to find all of the elements of kidnapping present." *Id.* Accordingly, this assignment of error is overruled.

[5] Fourth, defendant claims the trial court erred in denying his motion to dismiss at the conclusion of all the evidence due to insufficiency of the evidence. Defendant argues that the State did not present legally sufficient evidence on the lack of parental consent. "The dispositive issue in reviewing a motion to dismiss on the ground of sufficiency of the evidence is whether substantial evidence exists as to each essential element of the offense charged and of the defendant being the perpetrator of that offense." *State v. Glover*, 156 N.C. App. 139, 142, 575 S.E.2d 835, 837 (2003). Substantial evidence is relevant evidence "that a reasonable mind might accept as adequate to support a conclusion." *State v. Porter*, 303 N.C. 680, 685, 281 S.E.2d 377, 381 (1981). The evidence can be "direct, circumstantial, or both." *State v.*

*Locklear,* 322 N.C. 349, 358, 368 S.E.2d 377, 383 (1988). The trial court must consider the evidence "in the light most favorable to the State," and the State is entitled to every reasonable inference to be drawn from it. *State v. Bright,* 301 N.C. 243, 257, 271 S.E.2d 368, 377 (1980).

Defendant argues that D.B. did not know if she had parental permission to travel with him and her parents' failure to testify regarding their consent means the State failed to prove each element of section 14-39 of the North Carolina General Statutes. Defendant's argument is without merit.

D.B. testified that she did not have permission from her parents to go with defendant, and that to her knowledge defendant had not asked her parents to take her with him to North Carolina. Furthermore, D.B.'s mother testified that while she gave D.B. permission to walk a friend home, she told her to come back "in just a little bit." When D.B. failed to return, she got anxious, questioned D.B.'s friend and then called her husband and the police. Viewed in the light most favorable to the State, the jury could infer from this testimony a lack of parental consent. *State v. Gross,* 104 N.C. App. 97, 104, 408 S.E.2d 531, 535, *disc. review denied,* 330 N.C. 444, 412 S.E.2d 78 (1991).

[6] Finally, defendant argues the trial court committed error when sentencing defendant on both first degree kidnapping and the two sex offenses. The State concedes error. The defendant cannot be punished for both the kidnapping and the underlying sexual assault, which raised the kidnapping to the first degree. *State v. Freeland,* 316 N.C. 13, 23, 340 S.E.2d 35, 40-41 (1986). The jury returned guilty verdicts for both first degree kidnapping and the two sexual offenses, but did not specify which elements resulted in the first degree kidnapping. As a result, the ambiguous verdict must be construed in favor of the defendant. *State v. Gardner,* 315 N.C. 444, 451, 340 S.E.2d 701, 706 (1986). Since we cannot determine if the same sexual acts were used by the jury to convict the defendant of first degree kidnapping, *State v. Stinson,* 127 N.C. App. 252, 257, 489 S.E.2d 182, 185-86 (1997), we remand the case to the trial court for re-sentencing for second degree kidnapping.

No error, remanded for resentencing.

Judges WYNN and McGEE concur.