STATE OF NORTH CAROLINA v. ANTHONY RHEIM HOLT

No. COA05-1613

(Filed 2 January 2007)

### 1. Appeal and Error— preservation of issues—failure to argue

Two assignments of error that defendant did not argue in his brief are deemed abandoned under N.C. R. App. P. 28(b)(6).

### 2. Burglary and Unlawful Breaking or Entering— first-degree burglary—motion to dismiss—sufficiency of evidence

The trial court did not err by denying defendant's motion to dismiss the charge of first-degree burglary at the close of all evidence, because: (1) our Supreme Court has held that it is entirely appropriate to convict a defendant of burglary even if he is acquitted of the underlying felony, which was attempted rape in this case, since the issue is defendant's intent at the time of breaking and entering instead of his subsequent success following through on his plans; (2) there was substantial evidence from which the jury could have plausibly determined that defendant entered with the intent of committing rape, but did not follow through with his

STATE v. HOLT

[181 N.C. App. 328 (2007)]

plans; and (3) the Court of Appeals declined to exercise its discretionary authority under N.C. R. App. P. 2 to review defendant's unassigned error alleging the trial court erred by instructing the jury on the effect defendant's intoxication could have upon his ability to form a specific intent to commit a felony at the time of his breaking and entry into the victim's dwelling.

### 3. Criminal Law— motion for appropriate relief—abuse of discretion standard

The trial court did not abuse its discretion in a first-degree burglary case by denying defendant's post-trial motion for appropriate relief based on alleged insufficiency of the evidence because the evidence was sufficient to warrant submission of the case to the jury.

Appeal by defendant from judgment entered 6 June 2005 by Judge Ronald Stephens in Alamance County Superior Court. Heard in the Court of Appeals 11 December 2006.

*Roy Cooper, Attorney General, by Dahr Joseph Tanoury, Assistant Attorney General, for the State.*

*Robert T. Newman for the defendant-appellant.*

MARTIN, Chief Judge.

Defendant, Anthony Rheim Holt, was charged with first degree burglary and attempted first degree rape. At the close of the State's evidence, the trial court dismissed the charge of attempted first degree rape, and the trial proceeded upon the issue of defendant's guilt or innocence of first degree burglary and attempted second degree rape. Defendant's motion to dismiss at the close of all the evidence was denied, and the jury found defendant guilty of first degree burglary but acquitted him of attempted second degree rape. He appeals from a judgment imposing an active sentence of imprisonment.

The evidence at trial tended to show that defendant attended a cookout at the residence of his girlfriend, Tanya Hudson, on the night of 11 September 2004. Defendant had stayed at Ms. Hudson's house the night before, and they had sexual relations at that time. The defendant and Ms. Hudson apparently planned for him to sleep over the night of the cookout as well, and there was some evidence suggesting that defendant and Ms. Hudson were living together. During

the evening, both defendant and Ms. Hudson consumed alcohol along with the cookout guests.

Defendant and Ms. Hudson got into an argument, apparently stemming from the defendant's mistaken belief that Ms. Hudson intended to drive a woman named Kelly, who was intoxicated, to her home and leave him behind. Defendant pushed Ms. Hudson with sufficient force for her to come out of her sandals. He then cursed and tried to flip the coffee table onto Kelly. During the altercation, Ms. Hudson called 911. Ms. Hudson explained to defendant that she had not intended to leave him and succeeded in calming him. Kelly went home and Ms. Hudson told defendant she had called the police and asked him to leave so that he would not get in trouble. Defendant apologized and went out of the house, after which Ms. Hudson secured the door and deadbolt. Defendant remained outside, asking to be let back in, but Ms. Hudson refused.

About midnight, as Ms. Hudson sat in her living room, defendant suddenly kicked in the back door. Ms. Hudson dialed 911 and placed the phone where she hoped defendant would not see it. Defendant choked Ms. Hudson and started ripping her clothes off. When defendant saw that she could not catch her breath, he released Ms. Hudson.

Ms. Hudson subsequently retreated to her bedroom and locked the door. She had begun to put her clothes on when defendant kicked in the bedroom door. He explained that he wanted to make sure that Ms. Hudson was all right, and Ms. Hudson told him to leave her alone. She left the house to call the police. At the time of her departure from the residence, defendant was fully clothed.

Officers from the Burlington Police Department responded to Ms. Hudson's call. Corporal J.R. Marshal, the first officer on the scene, observed Ms. Tucker standing next to the road with her cell phone. The officer testified at trial that she was "very upset, hysterical, crying. She stated that her ex-boyfriend had broken into her residence, held her down and tore her clothes off, and which she had believed to be attempting him having sex with her." The officer requested the support of additional units, and four other officers arrived at the scene. They tried the door to the Hudson residence and found it locked. Corporal Summers knocked, and defendant opened the door. He was not wearing any clothes. The officers took defendant into custody, assisted him with his clothing and escorted him to a police car.

**[1]** Defendant brings forward arguments in support of two of the four assignments of error contained in the record on appeal. His remaining assignments of error will, therefore, not be reviewed. *See* N.C.R. App. P. 28(b)(6) ("Assignments of error not set out in the appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned.").

**[2]** Defendant first assigns error to the trial court's denial of his motion to dismiss the charges at the end of the State's evidence and at the close of all the evidence. Because defendant offered evidence following the denial of his motion to dismiss at the close of the State's evidence, only the denial of the motion made at the close of all the evidence is properly before us. *See State v. Bruce,* 315 N.C. 273, 280, 337 S.E.2d 510, 515 (1985).

In reviewing a motion to dismiss on the grounds of sufficiency of the evidence, the issue is "whether substantial evidence exists as to each essential element of the offense charged and of the defendant being the perpetrator of that offense." *State v. Glover,* 156 N.C. App. 139, 142, 575 S.E.2d 835, 837 (2003). "Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *State v. Vick,* 341 N.C. 569, 583-84, 461 S.E.2d 655, 663 (1995). A motion to dismiss should be denied if there is substantial evidence, whether direct, circumstantial, or both, that the defendant committed the offense charged. *State v. Thaggard,* 168 N.C. App. 263, 281, 608 S.E.2d 774, 786 (2005). "The trial court must consider the evidence 'in the light most favorable to the State,' and the State is entitled to every reasonable inference to be drawn from it." *State v. Quinn,* 166 N.C. App. 733, 739, 603 S.E.2d 886, 889 (2004) (quoting *State v. Bright,* 301 N.C. 243, 257, 271 S.E.2d 368, 377 (1980)).

The elements of the offense of first degree burglary are: "(1) [t]he breaking (2) and entering (3) in the nighttime (4) into a dwelling house or a room used as a sleeping apartment (5) which is actually occupied at the time of the offense (6) with the intent to commit a felony therein." *State v. Rich,* 130 N.C. App. 113, 118, 502 S.E.2d 49, 53 (1998) (quoting *State v. Wells,* 290 N.C. 485, 496, 226 S.E.2d 325, 332 (1976)).

Defendant premises his argument on the sixth element, that of intent to commit a felony. In support of his argument, defendant notes his acquittal of attempted second degree rape and argues:

> Apparently the jury in this case felt that none of the Defendant's acts were an attempt of rape. Excluding Defendant's actions after he entered Ms. Hudson's house, there is absolutely no evidence of Defendant's intent at the time he entered the house. . . . Prosecuting witnesses's own evidence was contradictory in many instances. . . .

However, contradictions or discrepancies in the evidence are for the jury to resolve and should not warrant a dismissal. *State v. Griffin*, 136 N.C. App. 531, 544, 525 S.E.2d 793, 803 (2000). Moreover, our Supreme Court has held that it is entirely appropriate to convict a defendant of burglary, even if he is acquitted of the underlying felony, in this case rape. *State v. Freeman*, 307 N.C. 445, 451, 298 S.E.2d 376, 380 (1983). This is because the pivotal issue in a burglary prosecution is the defendant's intent *at the time of breaking and entering*, not his subsequent success in following through on his plans. *Id.* (emphasis added). In this case, there was substantial evidence from which the jury could have plausibly determined that defendant entered with the intent of committing rape, but did not follow through with his plans.

Defendant also attempts, within this first assignment of error, to argue that the trial court erred in instructing the jury on the effect defendant's intoxication could have upon his ability to form a specific intent to commit a felony at the time of his breaking and entry into Ms. Hudson's dwelling. While acknowledging that he neither requested the instruction at trial nor assigned plain error to the trial court's failure to give it, defendant invokes N.C.R. App. P. 2 to urge us to review the unassigned error. We decline his invitation as we believe it would be an improper use of the discretion accorded us by Rule 2 if we were to undertake to review matters which were neither brought to the attention of the trial court nor assigned as error on appeal. "It is not the role of the appellate courts . . . to create an appeal for an appellant." *Viar v. N.C. Dep't of Transp.*, 359 N.C. 400, 402, 610 S.E.2d 360, 361, *reh'g denied*, 359 N.C. 643, 617 S.E.2d 662 (2005). Defendant's first assignment of error is overruled.

[3] In his second assignment of error, defendant argues that the trial court erred in denying his post-trial motion for appropriate relief, made on the grounds of the insufficiency of the evidence and that the verdict was contrary to the weight of the evidence. A trial court's ruling on a motion for appropriate relief will not be overturned absent a showing of abuse of discretion. *State v. Haywood*, 144 N.C. App. 223, 236, 550 S.E.2d 38, 46, *disc. review denied*, 354 N.C. 72, 553 S.E.2d

206 (2001). Inasmuch as we have concluded the evidence was sufficient to warrant submission of the case to the jury, whose task it is to weigh the evidence and evaluate the testimony of the witnesses, we discern no abuse of the trial court's discretion in denying the motion for appropriate relief.

No error.

Judges McCULLOUGH and LEVINSON concur.